(24 Misc. Rep. 422.)

### In re STRIKER.

### In re IVES' ESTATE.

(Surrogate's Court, New York County.    August, 1898.)

EXECUTORS—DISTRIBUTION—PARTNERSHIP—FIRM AND INDIVIDUAL CREDITORS.
    Prior to the death of decedent the firm of which he was a member made a general assignment for creditors, which included the individual property of the partners.    The firm assets were exhausted, still leaving creditors unpaid.    Judgments were not obtained by the unpaid creditors until after decedent's death.    The other members of the firm were insolvent.    After the discharge of the assignee, decedent acquired real property, but left debts, incurred subsequent to the assignment, in excess of the property so acquired.    Held, that the unpaid firm creditors were entitled to share ratably with the individual creditors of decedent in such property.

Petition by George W. Striker, executor of Henry S. Ives, deceased, for a distribution of the proceeds of real estate.    Certain creditors excepted to the report of the referee.    Report overruled, and exceptions sustained.

Thompson & Koss, for executors.

Rush Taggart, Edward S. Kaufman, and Murphy, Lloyd & Boyd, for creditors.

FITZGERALD, S.    Prior to the death of this decedent the copartnership of which he was a member made a general assignment for the benefit of creditors, which included the property of the individuals constituting the firm.    The firm assets were exhausted in the distribution, and the debts due the exceptants to the report of the referee remain unpaid.    Judgments were not obtained by these latter creditors until after the death of the decedent.    At the time of the assignment the other members of the firm were, and remain, insolvent. The fund to be distributed by the decree to be entered herein represents the proceeds of the sale of real estate acquired by the decedent subsequent to the discharge of the assignee.    After making the assignment the decedent incurred individual debts to a considerable amount, and the fund for distribution is insufficient to pay the claims of these latter individual creditors in full, after the payment of the admittedly preferred claims.    The creditors of the assigning firm

claim that they are entitled to participate ratably with these individual creditors of the decedent, and the exceptions relate to the refusal of the referee to accede to this proposition. The doctrine of marshaling depends upon the principle that a person having a right to resort to two funds, in one of which alone another person has a junior lien, shall be compelled to exhaust the fund to which the other cannot resort, before coming upon the one in which they both have an interest. In the case at bar this principle was applied at the time of the original assignment, before any of the debts were incurred to which the referee has accorded a preference, and before the asset was acquired to which the exceptants desire to have recourse. The partnership funds having been exhausted, the partnership creditors had a right to resort to the individual estates of the partners of the assigning firm, subject only to the prior rights of the then existing creditors of the said members individually. After the partnership estate was exhausted, they were postponed only as to such existing creditors. Had they recovered judgment against either of the partners individually, as they had a right to do, they would have had a right against the present fund not only equal but superior to the present individual creditors. I do not see that the cases relied upon by the referee go any further than to reassert the well-established rule of marshaling assets as between partnership and individual creditors. When the present individual creditors became such, there was no partnership. It was dissolved by the assignment. Counsel do not refer me to a case where the facts existing here have been the subject of judicial inquiry; nor have I, by diligent research, been able to discover a case where the rights of parties standing in the position of the conflicting claimants here have been passed upon. The rights of the exceptants against the individual assets of the decedent arose prior in point of time to those of the successful creditors, and I know of no rule of equity which would postpone them in point of right to persons whose rights were acquired subsequently. The report of the referee in this respect is overruled, and the exception sustained. A decree may be presented directing the distribution of the fund ratably between the creditors included by the referee in classes 1 and 2.

Report overruled, and exceptions sustained.